**VEDDER PRICE P.C.**
James V. Garvey (admitted *Pro Hac Vice*)
jgarvey@vedderprice.com
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

**VEDDER PRICE (CA), LLP**
Deborah A. Hedley (SB# 276826)
dhedley@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T:  +1 424 204 7700
F:  +1 424 204 7702
*Attorneys for Plaintiff*
OPEN TEXT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OPEN TEXT INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>NORTHWELL HEALTH, INC., a New York corporation and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-09216 SB (ASx)<br><br>**OPEN TEXT INC.'S REQUEST FOR ORAL ARGUMENT, AND IN THE ALTERNATIVE FOR ORAL EXAMINATION OF DECLARANT AT OCTOBER 27, 2020 HEARING ON MOTION TO COMPEL NORTHWELL HEALTH, INC.'S COMPLIANCE WITH COURT'S AUGUST 6th ORDER AND PRODUCTION IN GENERAL; TO DEEM RFAs ADMITTED AND OBJECTIONS WAIVED; AND TO COMPEL FURTHER DEPOSITION; AND FOR MONETARY, CONTEMPT, ISSUE, and in the alternative, TERMINATING SANCTIONS.**<br><br>Date:   October 27, 2020<br>Time:   10:00 a.m.<br>Place:  255 E. Temple Street<br>            Courtroom 540, 5th Floor<br>            Los Angeles, CA 90012<br><br>DISCOVERY MATTER |

Open Text Inc.'s ("Open Text") Motion to Compel Compliance with the Court's August 6th Order and Production in General; to Deem RFAs Admitted and Objections Waived, and to Compel Further Deposition; and for Monetary, Contempt, Issue, and, in the alternative, Terminating Sanctions ("Motion") is set for hearing before the Honorable Alka Sagar on October 27, 2020 at 10:00 a.m. If the Court is inclined to hear Northwell's affirmative relief from waiver of deemed admissions lodged in its opposition (to which Open Text objects as procedurally improper), then Open Text requests that the Court hold oral argument and issue an Order to Show Cause re: Why Belated Responses Should Not be Deemed Admitted and Objections Waived. In the alternative, pursuant to Local Rules 7-6 and 7-8, Open Text requests the Court allow the oral examination at the hearing of declarant Daniela Spencer.

Such hearing and/or testimony is necessary to ascertain the truth in regard to numerous unresolved issues of fact with Northwell's untimely service of responses to requests for admission, responses to interrogatories, and responses to requests for production which Open Text received on September 8, 2020 without a postmark ("Responses"). This testimony is only necessary to the extent the Court will consider Northwell's request for relief from waiver of deemed admissions via its portion of the Joint Stipulation presented to the Court, because bad faith conduct displayed by Northwell should be found to bar such relief.

In an attempt to insulate itself from account, Northwell has taken the tactic of pinning its entire position on hearsay related to the unnamed spouse of Northwell's counsel. In the ordinary course, Open Text would call as a witness the person who allegedly effected service. Open Text does not relish, however, following Northwell's lead of involving a third party, non-legal professional in these proceedings if the truth may be ascertained by less invasive means.

Open Text has submitted sufficient proof as to *its* requests for affirmative relief, through which it seeks a finding from the Court that responses to RFAs are

deemed admitted and objections waived, as well as for sanctions, due to undeniably untimely service of the Responses. Such proof was so convincing that Northwell went from insisting one week that its counsel had *personally* mailed the responses on August 31, 2020, to capitulating the next week (*after* Open Text sent its portion of the Joint Stipulation to Northwell) that Northwell's Responses were *not* timely, were *not* served by counsel at all, and that it does *not* know when they were served. *See e.g.*, Dkt. 52, at 8-19; *compare* Dkt. 52-1, Exs. J, M *with* Spencer Decl., Exs. E-F (Dkt. No. 52-4). Yet all of these things are – or should be – entirely *knowable*.

After finally admitting its Responses were untimely, Northwell sent a Rule 37-1 letter to Open Text, stating it intended to bring its own motion for relief from waiver. Spencer Decl., ¶15, Ex. F (Dkt. No. 52-4). However, it abandoned such motion after Open Text offered its availability for a meet-and-confer pursuant to Rule 37-1. Supp. Hedley Decl., ¶2, Ex. A. Now, Northwell has couched its affirmative request for relief as an opposition to Open Text's Motion to Compel. The relief sought by Northwell should be rejected out of hand because it is procedurally improper to move for affirmative relief in an opposition. *See Duong v. Groundhog Enterprises, Inc.*, 2020 WL 2041939, at *12 (C.D. Cal. Feb. 28, 2020) *(citing Interworks Unlimited, Inc. v. Digital Gadgets, LLC*, 2019 WL 4570013, at *1 C.D. Cal. June 11, 2019. )

If the Court considers Northwell's request for relief, Open Text requests the opportunity to be heard at an oral argument. Further, Northwell should have to argue and/or testify in Court as to several factual gaps, that once filled will cement that *any* relief to Northwell is inappropriate under the circumstances before the Court. The following unaddressed and unresolved issues must be resolved prior to any consideration of Northwell's request for relief from waiver.

1. **Representations as to the Identity of the Person Effecting Service**

Despite a nearly month-long meet-and-confer between the parties, the identity of the person who actually served Northwell's Responses remains unclear. On September 18, 2020, Ms. Spencer made the following representation to Open Text:

> I received your email dated September 18, 2020. Providing you with the benefit of the doubt, it seems you are confused regarding my timely service of responses to Plaintiff's First Set of Requests for Admission, and Second Set of Requests for Production and Interrogatories ("Discovery Responses"). I have already told you the Discovery Responses were mailed on August 31, 2020. **More specifically, on the evening of Friday, August 31, 2020, I dropped into my mailbox the Discovery Responses.** Hedley Decl., Ex. M (emphasis added) (Dkt. No. 33-2)

However, in a filing to this Court on September 28, 2020, Ms. Spencer stated that her husband handled service, and that:

> After viewing the footage [on a Nest system], I believe the responses were actually mailed on September 2, 2020 at 11:39 pm or September 3, 2020 at 7:40 am. Spencer Decl., ¶14 (Dkt. No. 52-4).

Ms. Spencer stated to the Court, "There was no intention of misleading either Open Text's counsel or the Court." *Id.*, ¶16. If this were true, then why did counsel write on September 18, 2020 to opposing counsel that she mailed the Responses herself, but now informs the Court her husband made the service? Both statements cannot be true.

2. **Representations as to the Mailing of the Responses**

After insisting that a signed proof of service stating that Responses were mailed on August 31, 2020 was valid, Northwell's counsel has now conceded that the responses were not served on August 31, 2020 via the mail. However, there are also indicia that the Responses *were never mailed*. Namely, there is no postmark on

the Responses, and thus, no corroborative evidence that the Responses passed through the Postal Service *at all*. Hedley Decl., ¶7, Ex. E (Dkt. 52-1).

### 3. **Representations Regarding the Original Proof of Service**

On September 10, 2020, after fielding questions from Open Text about abnormalities with service, Northwell's counsel tendered a signed proof of service, stating the Responses were mailed on August 31, 2020. Hedley Decl., ¶10, Ex. J (Dkt. No. 52-1). On September 18, 2020, when the parties met-and-conferred, Northwell's counsel insisted that it was not that she had "created" the proof of service after Open Text's inquiry, but that she had "found" the proof of service on September 10, 2010. *Id.*, ¶12. Counsel blamed the inability to locate the proof of service prior to that date on the fact that she was in depositions. *Id.*, Ex. J.

Now, in her sworn declaration, Ms. Spencer states the exact opposite, stating that after receiving Open Text's email on September 9, 2020 that she "created" a proof of service reflecting a service date of August 31, 2020. Spencer Decl., ¶11 (Dkt. 52-4).

### 4. **The Veracity of the Revised Proof of Service**

On September 10, 2010, Northwell's counsel sent a proof of service stating the responses were served on August 31, 2020. Then, on September 28, 2020, only after receiving Open Text's portion of the Joint Stipulation, did Northwell retract this proof of service and provide a replacement proof of service.

This proof of service states, *under penalty of perjury*, that these documents were served on September 3, 2020. Spencer Decl., ¶16, Ex. F (Dkt. No. 52-4). However, elsewhere in counsel's declaration she concedes *she does not know when they were served. Id.*, ¶14, Ex. D. September 3, 2020 thus reflects a guess to which counsel is somehow willing to declare under penalty of perjury, is true. The Court and Open Text cannot rely on a guess sworn under penalty of perjury.

4

### 5. **Counsel's Discovery that the Responses Were Untimely Served**

Counsel has sworn to the Court that she only began an investigation in untimely service on September 21, 2020 after receiving the Joint Stipulation. *Id.*, ¶13. However, the parties conferred on numerous occasions, including on the phone prior to this date, which calls this sworn-to timeline into question.

Further, Northwell has made no attempt to explain the four attempts at contacting Open Text Ms. Spencer made on September 3, 2020 in the space of less than 15 minutes to discuss a matter of urgency. Hedley Decl., ¶6 (Dkt. No. 52-1). It defies logic that these attempts to discuss an "urgent" matter were not about the untimely Responses, especially given the facts that: (1) Open Text mentioned that Northwell had failed to respond to outstanding discovery served July 31, 2020 in its *ex parte* application filed with the Court on September 2, 2020, to which Northwell was preparing a response at the *same time* the calls were made; and (2) the footer on Northwell's non-opposition to that *ex parte* bears a lower document identification number than do its Responses, indicating that Counsel realized her mistake in the first, not the last, week of September. This issue is addressed more fully below.

### 6. **The Creation/Drafting Date(s) of the Responses**

Northwell has failed to rebut or even address the fact that a comparison of document identification numbers on the Responses with a filing on September 3, 2020 shows that the Responses were probably created *after* September 2, 2020. Dkt. No. 52, at 15-16.

On September 18, 2020, Open Text sent Northwell a request to preserve all ESI, including metadata, associated with the Responses. Hedley Decl., ¶13, Ex. L (Dkt. No. 52-4). After Northwell admitted to untimely service, Open Text requested that Northwell address the issue of the creation dates of the Responses in a sworn declaration. Supp. Hedley Decl., ¶2, Ex. A. Instead of presenting a declaration or any evidence as to the dates of creation of these documents, *Northwell has not*

*addressed these issues at all*. Further inquiry is necessary to determine that not only were these documents served after August 31, 2020, but that they were *created* after August 31, 2020. If it is true that the Responses were drafted/created after August 31, 2020 – which appears most likely – then all of counsel's claims about the timing of service in her sworn declaration are *false*. This is a foundational issue to the relief sought by Northwell, and merits further inquiry prior to any decision about the relief from waiver owing to the untimely service and/or creation of the Responses.

In conclusion, it is an unfortunate sequence of events that brings the parties to this point. Open Text sincerely hoped that Northwell would admit earlier to its misconduct, and to have the ability to save this presentation to the Court through a private stipulation that would avoid any public proceedings on this issue. However, Northwell failed to admit to all of the facts of its untimely service, and, in doing so, has made misrepresentations to opposing counsel and/or the Court. Just a few days prior to admitting its untimely service, Northwell even threatened to seek sanctions *against Open Text* for merely pointing out the obvious truth. Intimidation tactics aside, the truth always finds its way out. Now, with multiple competing stories as to the timeline of events from Northwell, if the Court will consider Northwell's request for relief from waiver, Northwell should have to explain all of these inconsistencies. A party should not be afforded relief stemming from its own misconduct, and a hearing and/or cross-examination will put an end to this charade.

DATED: October 13, 2020               Vedder Price, (CA) LLP

                                      */s/ Deborah A. Hedley*

                                      Deborah A. Hedley
                                      Attorneys for Plaintiff